UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60167-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

vs.

JARET BRIETSTEIN,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Jaret Brietstein (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts One and Two of the Information. Counts One and Two charge the defendant did, on or about January 14, 2021 and January 28, 2021, knowingly and intentionally possess with intent to distribute more than fifty (50) grams of methamphetamine, its salts, isomers, and salts of its isomers; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

2. The defendant and the United States agree and stipulate that the amount of methamphetamine or "Ice" that should be used to determine the base offense level is 168.97 grams.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may

[1]

depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one (1) and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant understands and agrees that the court must impose for the Counts One and Two offenses of conviction a mandatory minimum term of imprisonment of ten (10) years, subject to the exception set forth in paragraph seven (7) below, and may impose a statutory maximum term of up to life imprisonment, followed by a term of supervised release between five (5) years and life, and may impose a fine of up to $10,000,000.00. The defendant understands that the penalties listed above for Counts One and Two can be imposed to run concurrent or consecutive to one another.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph four (4) of this agreement, a special assessment in the amount of $100.00 per count for a total of $200.00 will be imposed and must be paid prior to sentencing in this matter.

6. The United States agrees that it will recommend at sentencing that the court reduce by three (3) levels the offense level applicable to the defendant's offense if the defendant makes a timely recognition and affirmative acceptance of personal responsibility, pursuant to Section 3E1.1 of the Sentencing Guidelines. However, the United States will not be required to make this recommendation should the defendant: (1) fail or refuse to make a full, accurate and complete disclosure of the circumstances surrounding the relevant

offense conduct; (2) misrepresent facts to the government prior to entering the plea agreement; or (3) commit any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, or making a false statement or misrepresentation to any governmental entity or official.

7. The United States and the Defendant agree, although not binding on the probation office or the court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the court impose a sentence without regard to any statutory minimum sentence, if the following prerequisites are met:

(a) the Defendant is found to be a Criminal History Category One offender as determined under the Sentencing Guidelines;

(b) the Defendant is not found to have used violence or threats of violence, or to have possessed a firearm or other dangerous weapon in connection with the offense;

(c) the offense did not result in death or serious bodily injury to any person;

(d) the Defendant is not found to have been an organizer, leader, manager or supervisor of others in the offense; and,

(e) the Defendant has provided to the United States, between the change of plea and sentencing, a statement truthfully setting forth all information and evidence the Defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the Indictment.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may

disregard the recommendation in its entirety. The defendant understands and acknowledges that he may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements or understandings between the parties.

Respectfully submitted,

UNITED STATES OF AMERICA

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 8/9/21    By: *[signature]*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

DEFENDANT

Date: 8/9/21    By: *[signature]*
ROB MELCHIORRE
ATTORNEY FOR THE DEFENDANT

Date: 8/9/21    By: *[signature]*
JARET BRIETSTEIN
DEFENDANT

[4]